O’Neall, J.
In the case of Young v. Grey, 1 M’C. 211, Haney v. Townsend, Ib. 207, and in the case of William P ——r v. Bogan, 2 M’C. 386, it is said by the judges delivering the opinions, that a variance between the writ and declaration may be taken advantage of by the plea in abatement. But it will be seen, on looking into the cases, that the point was not directly before the Court in any of them. I am satisfied that no such plea can be sustained. In England, it is conceded, it would be bad; for a party cannot have oyer of the original writ. In this State, we have no original writ, properly and technically so called; our writ is merely process to bring the defendant in to answer. It is regarded as a part of the general record, and, in that point of view, it was held in Young v. Grey, that the variance between the writ and declaration might be taken advantage of by special demurrer. That decision concluded that point, and it has ever since been regarded as settled law. I take it to be clear, that a plea must be of something dehors the record. The variance between the writ and declaration is to be ascertained by inspection ; if any existed to be pleaded, the defendant, as in Young v. Grey, may demur. In this case, I doubt whether there is, in fact, any such legal variance as can avail the defendant in any shape.' The writ and declaration are both in case: it is true the ac etiarn clause in the writ, is in assumpsit, but still the general form of the action is the same, and from my recollection of the precedents, I think a departure in the declaration from the ac etiam clause of the writ, is no variance — it is merely a ground on which bail may be discharged.
Without noticing the irregularity of the plaintiff’s replication, and the defendant’s similiter, both of which were bad, and seem not to have been regarded by the judge below, l think that the defendant’s plea in abatement was improperly pleaded, and that the plaintiff is entitled to judgement of re-spondeat ouster against the defendant.
The motion to reverse the decision of the judge below is granted.
Johnson and Harper, Js. concurred.